COPY

1  Nicky Jatana (SBN 197682)
   Kevin S. Saman (SBN 260612)
2  JACKSON LEWIS LLP
   725 South Figueroa Street, Suite 2500
3  Los Angeles, California 90017
   Telephone:  213.689.0404
4  Facsimile:  213.689.0430
   jatanan@jacksonlewis.com
5  samank@jacksonlewis.com

6  Attorneys for Defendant
   ANHEUSER-BUSCH INBEV
7  WORLDWIDE, INC.

FILED

13 MAR 28  PH 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11 WILLIAM COHEN,                        CV13-02236 MWF(AGRx)
                                         CASE NO.
12          Plaintiff,
                                         NOTICE OF REMOVAL OF ACTION
13     vs.                               TO THE UNITED STATES DISTRICT
                                         COURT FOR THE CENTRAL
14 ANHEUSER-BUSCH INBEV                  DISTRICT OF CALIFORNIA
   WORLDWIDE, INC. and DOES 1            PURSUANT TO 28 U.S.C.
15 through 20                            SECTIONS 1332, 1441(a) AND (b)

16          Defendants.                  (DIVERSITY JURISDICTION)

17                                       (Filed concurrently with Disclosure
                                         Statement, Notice of Interested Parties,
18                                       Declaration of Kevin S. Saman and Civil
                                         Case Cover Sheet)

19

20       **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**

21  **COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, CENTRAL**

22  **DIVISION, PLAINTIFF WILLIAM COHEN AND TO HIS COUNSEL OF**

23  **RECORD:**

24       PLEASE TAKE NOTICE that Defendant ANHEUSER-BUSCH INBEV

25  WORLDWIDE, INC. ( "Defendant") hereby removes to this Court the state court

26  Complaint described below and invokes this Court's jurisdiction under the provisions of

27  28 U.S.C. sections 1332 and 1441(a) and (b) as follows:

28  / / /

                                         1

1.    On January 24, 2013, a Complaint was filed in the Superior Court of the State of California, County of Los Angeles, entitled *William Cohen v. Anheuser-Busch InBev Worldwide, Inc., and Does 1 through 20*, Case No. 13E00680 ("Complaint").

2.    On February 26, 2013, Plaintiff William Cohen ("Plaintiff") served Defendant with the Complaint, summons and related case documents.  True and complete copies of the Complaint, summons and related documents served therewith are attached as Exhibit "A."

3.    The Complaint, summons and related case documents are the only pleadings served upon Defendant to date in this action.  The Complaint asserts a claim for violation of the California Unruh Civil Rights Act.

4.    On March 28, 2013, Defendant filed and served its Answer to the Complaint in the Los Angeles County Superior Court.  A true and complete copy of Defendant's Answer to Plaintiff's Complaint is attached as Exhibit "B."  Exhibits A and B hereto constitute all the pleadings that have been filed in this action as of the date of the filing of this Notice of Removal.

5.    This Notice of Removal has been filed within thirty (30) days after Defendants were deemed served with a copy of the Complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 353 (1999) (service of process is the official trigger for responsive action by a named defendant).  This Notice of Removal therefore is filed within the time period provided by 28 U.S.C. section 1446(b)(1).

6.    In accordance with 28 U.S.C. section 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will promptly be served on Plaintiff's counsel and filed with the Clerk of the Los Angeles County Superior Court.  Therefore, all procedural requirements under 28 U.S.C. section 1446 will be satisfied.

7.    Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 1441, *et seq.*, and 1391(a) because

2

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

1   this is the judicial district of this Court in which Plaintiff alleges the action arose and
2   where Plaintiff resides. [*See* Exh. A at ¶¶ 1, 4, 7 and 8].

3        8.    Diversity jurisdiction exists where there is diversity of citizenship between
4   the parties at the time the lawsuit is filed. *See Grupo Dataflux v. Atlas Global Group*,
5   541 U.S. 567, 571 (2004).

6        9.    To establish citizenship for diversity purposes, a natural person must be a
7   citizen of the United States and domiciled in a particular state. *Kantor v. Wellesley*
8   *Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places
9   where they reside with the intent to remain or to which they intend to return. *Kanter v.*
10  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant is informed and
11  believes Plaintiff was, at the time of filing the Complaint, and still is a resident and
12  citizen of the state of California consistent with Plaintiff's allegations in his Complaint.
13  [*See* Exh. A at ¶ 1]. Plaintiff alleges the unlawful conduct complained of occurred within
14  the jurisdiction boundary of the Los Angeles County Superior Court, where he resides.
15  [*See* Exh. A at ¶¶ 1, 4, 7 and 8].

16       10.    A corporation is a citizen in a state where it is incorporated and where it has
17  its principal place of business. 28 U.S.C. section 1332(c)(1). With respect to ascertaining
18  a corporation's principal pace of business for purposes of diversity jurisdiction, the
19  United States Supreme Court has adopted the "nerve center test." *The Hertz Corporation*
20  *v. Friend, 130* S.Ct. 1181, 1186 (2010). Under the nerve center test, the Supreme Court
21  held that "for diversity jurisdiction purposes a corporation's principal place of business
22  'refer[s] to the place where a corporation's officers direct, control, and coordinate the
23  corporation's activities.'" *Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) *citing Hertz,*
24  *supra*, 130 S.Ct. at 1192.

25       11.    Defendant, at the time of filing of the Complaint, and still is, a citizen of the
26  State of Delaware and Missouri within the meaning of 28 U.S.C. section 1332(c)(1)
27  because it was at all times a corporation incorporated under the laws of Delaware and its

28

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

1   principal place of business and corporate headquarters are located in St. Louis, Missouri,
2   where Defendant's officers direct, control and coordinate its activities.

3       12.   This   action   also   meets   the   amount   in   controversy   requirement.
4   28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above,
5   the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest
6   and costs. Without admitting that Plaintiff could recover any damages, Defendant asserts
7   that the amount in controversy in this action exceeds $75,000.00, exclusive of interest
8   and costs.

9       13.   In determining whether the amount in controversy exceeds $75,000.00, the
10  Court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth*
11  *Rothschild Trust v. Morgan Stanley Dean Witter*,   199 F.Supp.2d 993, 1001 (C.D. Cal.
12  2002) *citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount
13  in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley*
14  *Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by
15  the low end of an open-ended claim, but rather by reasonable reading of the value of the
16  rights being litigated").   Moreover, the argument and facts set forth herein appropriately
17  may be considered in determining whether the jurisdictional amount in controversy is
18  satisfied.   *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) *citing*
19  *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

20      14.   Without conceding that Plaintiff is entitled to damages or could recover
21  damages in any amount whatsoever, the amount in controversy in this action exceeds
22  $75,000.00. *See* 28 U.S.C. § 1332(a).  Where a plaintiff's state court complaint is silent
23  as to the amount of damages claimed, the removing defendant need only establish that it
24  is more probable than not that the plaintiff's claims exceed the jurisdictional minimum.
25  *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).  Here, the
26  amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for
27  the following reasons:

28

a.   Plaintiff prays for "statutory or actual damages of at least $4,000.00 for each violation of California Civil Code, section 51 through 56 to a maximum of $25,000.00[.]"   [*See* Exh. A at Prayer for Damages beginning on p. 3, ln. 7].

b.   Plaintiff also prays for "exemplary damages in an amount to be proven but not more than $25,000.00" pursuant to California Civil Code section 3294.   [*See* Exh. A at ¶ 12 and Prayer for Damages beginning on p. 3, ln. 10].

c.   The Complaint also seeks to recover attorney's fees and costs "pursuant to California Civil Code section 51 through 56."   [*See* Exh. A at ¶ 13 and Prayer for Damages beginning on p. 3, ln. 11-12].

d.   Notwithstanding the fact Plaintiff filed his Complaint in state court as a limited civil case in which the amount in dispute is $25,000.00, his Prayer for Damages clearly exceeds this amount, and he would neither stipulate his damages are limited to $25,000.00 nor agree to amend his Prayer for Damages accordingly.   Specifically, Plaintiff's counsel informed Defendant he would not agree to limit his damages because of Defendant's alleged ongoing violations of the California Unruh Civil Rights Act.   [Declaration of Kevin S. Saman filed concurrently herewith, ¶¶ 2-3, Exh. C].

15.   The amount in controversy may include general and special compensatory damages and attorney's fees which are recoverable by statute.   *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) and *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945 (1982) (attorney's fees may be taken into account to determine jurisdictional amount).   The Court may examine the nature of the action and the relief sought and take judicial notice of attorney's fee awards in similar cases.   *See e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).   Indeed, cases in the Ninth Circuit firmly establish that statutory

5

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)

attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S, supra*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons, supra*, 209 F.Supp.2d at 1035.

16.     Exemplary or punitive damages also are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *see also Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa 1994).

17.     Accordingly, Plaintiff's allegations satisfy the jurisdictional prerequisite for the amount in controversy. It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount. *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994).

18.     Therefore, the alleged claims, damages and fees requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. section 1332(a).

WHEREFORE, Defendants remove the above action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court.

Dated: March 28, 2013

JACKSON LEWIS LLP

By:

Nicky Jatana
Kevin S. Saman

Attorneys for Defendant
ANHEUSER-BUSCH INBEV
WORLDWIDE, INC.

6

# EXHIBIT "A"

Feb 26, 2013
2:46 PM

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ANHEUSER-BUSCH INBEV WORLDWIDE, INC.
and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

WILLIAM COHEN

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
| --- | --- |
| *(El nombre y dirección de la corte es):* California Superior Court COUNTY OF LOS ANGELES | 13E00680 |

6230 Sylmar Ave.
Van Nuys 91401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Ken Koury                                   123993      818-715-9149
23371 Mulholland Dr., #196                 Woodland Hills, CA 91364

| DATE: *(Fecha)* | Clerk, by *(Secretario)* | , Deputy *(Adjunto)* |
| --- | --- | --- |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
www.CalCourtForms.com

1

KENNETH P. KOURY, ESQ. (123993)
Attorney at Law
SUITE 196
23371 MULHOLLAND DR.
WOODLAND HILLS, CALIFORNIA 91364
(818) 715-9149

2

3

4

5   Attorney for WILLIAM COHEN

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10

11   WILLIAM COHEN                          CASE No.:   13E10680

12                            Plaintiff(s)   COMPLAINT FOR VIOLATION OF THE
                                            UNRUH CIVIL RIGHTS ACT
13              vs.
                                            (LIMITED CIVIL CASE - $25,000 OR LESS)
14

15   ANHEUSER-BUSCH INBEV WORLDWIDE,

16   INC. and DOES 1 through 20

17                            Defendants.

18   Plaintiff alleges:

19              FIRST CAUSE OF ACTION, VIOLATION OF THE OF

20         THE UNRUH CIVIL RIGHTS ACT AND CALIFORNIA CIVIL CODE

21                        (Against all defendants)

22   1.  Plaintiff is an individual who resides in LOS ANGELES County, California within the jurisdiction

23       of this court.

24   2.  Defendant ANHEUSER-BUSCH INBEV WORLDWIDE, INC. is, and at all times alleged herein

25       was, a business organization of a form presently unknown that is authorized to do and is doing

26       business in the state of California.

27

28

                                        1

                                                                    COMPLAINT

3. Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff are informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiff' damages as alleged in this complaint were proximately caused by such defendants.

4. Defendants acted as alleged herein within the jurisdictional boundary of this court.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of all other codefendants.

6. Plaintiff has disabilities and/or medical conditions that require special and reasonable accommodations in order for plaintiff to enjoy the full and equal accommodations, advantages, facilities, privileges, or services in business and public establishments.

7. Within the past three years plaintiff attempted to exercise plaintiff's right to enjoy the full and equal accommodations, advantages, facilities, privileges, or services in one or more business and public establishments within the jurisdictional area of this court.

8. At that time or times, defendants denied, aided or incited a denial, made a discrimination or distinction contrary to law which denied, or otherwise interfered with admittance to or enjoyment of the subject business and public establishments by plaintiff by blocking physical access of plaintiff to these establishments.

9. Defendants acts were in violation of California Civil Code, sections 51 through 56.

10. Defendants acts denied plaintiff full and equal services, advantages, accommodations, facilities or privileges of the subject business establishments on the basis of plaintiff's disability or medical condition.

11. Defendants acts were discriminatory under the Americans with Disabilities Act.

COMPLAINT

12. Plaintiff alleges, that the acts of defendants were willful and malicious, intentionally calculated to harm and injure the plaintiff. These wrongful acts have been performed in conscious disregard of the rights of plaintiff. Therefore, an award of exemplary damages should be allowed under Civil Code Section 3294.

13. Plaintiff is entitled to a reasonable attorney's fee together with the costs of suit pursuant to California Civil Code, sections 51 through 56.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. Statutory or actual damages of at least $4,000.00 for each violation of California Civil Code, sections 51 through 56 to a maximum of $25,000.00;

2. Exemplary damages in an amount to be proven but no more than $25,000.00;

3. Attorney fees as allowed by law;

4. For costs of suit herein incurred; and

5. For such other and further relief as the court may deem proper.

Dated:  January 24, 2013

_____
Kenneth P. Koury, Esq.
Attorney for plaintiff

3                                                      COMPLAINT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - LIMITED CIVIL CASE

13E00680

| ASSIGNED BENCH OFFICER: | DEPT: | ROOM: |
|---|---|---|
| JUDGE  Wendy L. Kohn | NWH | 610 |

# NOTICE GIVEN TO THE PLAINTIFF/CROSS-COMPLAINANT/ATTORNEY

## Instructions For Handling Limited Civil Cases

The following critical provisions, as applicable in the Van Nuys District are, cited for your information

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2(c) thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 7.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS:** The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110). Failure to meet time standards may result in the imposition of sanctions. (Local Rule 7.13).

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50).

**CASE MANAGEMENT REVIEW:** A Case Management Review will be scheduled by the Court for no later than 120 days after the filing of the complaint.

Pursuant to California Rules of Court, rules 3.720-3.730, no later than 15 calendar days before the date set for Case Management Review/Conference, each party (individually or jointly) must file and serve a Case Management Statement using the mandatory Judicial Council form No. CM-110.

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservation. All motions should be filed in Room 107.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom. Ex parte appearance applications for direct set courtrooms must be filed by 8:15 AM in Room 107 on the day of the hearing. Ex parte appearance matters set in Div./Dept NWP(ie., all unlawful detainers where possession is still at issue) must be noticed for Div./Dept. NWP 1:30 PM, but filed at window 3 or 4, Room 107 MON - THURS, no later than 1:00 PM on the day of the hearing.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court, identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

LACIV 001 (Rev. 07/07)
LASC Approved 09-04

**NOTICE OF**
**CASE ASSIGNMENT – LIMITED CIVIL CASE**

# EXHIBIT "B"



1   Nicky Jatana (SBN 197682)
    Kevin S. Saman (SBN 260612)
2   JACKSON LEWIS LLP
    725 South Figueroa Street, Suite 2500
3   Los Angeles, California  90017
    Telephone:    213.689.0404
4   Facsimile:    213.689.0430
    jatanan@jacksonlewis.com
5   samank@jacksonlewis.com

6   Attorneys for Defendant
    ANHEUSER-BUSCH INBEV
7   WORLDWIDE, INC.

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

10

11  WILLIAM COHEN,                    )  CASE NO.: 13E00680
                                      )
12             Plaintiff,             )  [Assigned for all purposes to the Hon. Stephanie
                                      )  Bowick and Michael Raphael, Dept. 77]
13       vs.                          )
                                      )  **DEFENDANT'S ANSWER TO PLAINTIFF'S**
14  ANHEUSER-BUSCH INBEV WORLDWIDE,   )  **COMPLAINT**
    INC. and DOES 1 through 20        )
15                                    )
               Defendants.           )  Complaint Filed:  January 24, 2013
16                                    )
                                      )
17                                    )
                                      )
18                                    )
                                      )
19                                    )
    _____)

20

21       Defendant Anheuser-Busch InBev Worldwide, Inc. ("Defendant") hereby answers the unverified

22  Complaint ("Complaint") filed by Plaintiff William Cohen ("Plaintiff") as follows:

23                          **GENERAL DENIAL**

24       Under the provisions of Section 431.30(d) of the California Code of Civil Procedure, Defendant

25  generally and specifically denies each and every allegation contained in the unverified Complaint, and

26  each cause of action of said Complaint, and denies Plaintiff was injured or damaged as alleged, or at all.

27  ///

28  ///

                                       1
    _____
              DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

## AFFIRMATIVE DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial.  The affirmative defenses asserted herein are based on Defendant's knowledge, information and belief at this time, and Defendant specifically reserves the right to modify, amend or supplement any affirmative defense contained herein at any time.  Without conceding that it bears the burden of proof or persuasion as to any one of these, Defendant alleges the following defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

2.      The Complaint, and each and every purported cause of action therein, is vague, uncertain, unintelligible as written and ambiguous.

### THIRD AFFIRMATIVE DEFENSE

3.      Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Defendant has never denied or interfered with Plaintiff's admittance or enjoyment of any businesses and/or public establishments or blocked Plaintiff's physical access to said businesses and/or public establishments.

### FOURTH AFFIRMATIVE DEFENSE

4.      Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because, at no time, has Plaintiff suffered from a disability and/or medical condition within the meaning of all applicable state and federal laws and, thus, he never required any accommodation in order to access any businesses and/or public establishments.

### FIFTH AFFIRMATIVE DEFENSE

5.      Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Defendant has not violated the California Unruh Civil Rights Act in any way and, thus, Plaintiff is not entitled to any damages and/or penalties whatsoever pursuant to said Act.

///

### SIXTH AFFIRMATIVE DEFENSE

6.      Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Defendant has not, either intentionally or unintentionally, discriminated against or taken any action adverse to Plaintiff on the basis of any alleged disability or other protected status.  Assuming *arguendo* Defendant acted adversely towards Plaintiff in any way, such action was taken solely for legitimate, non-discriminatory business reasons.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred in that the incidents alleged in the Complaint were caused by the fault of other persons and entities of other parties and/or non-parties to this action, and Defendant's liability, if any, should be reduced accordingly.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred in that Defendant's conduct was privileged because it was undertaken pursuant to the terms of all applicable traffic and/or parking laws, regulations, orders and approvals.

### NINTH AFFIRMATIVE DEFENSE

9.      Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred in that Defendant is and/or has been in compliance with all federal and state laws, statutes and regulations governing the treatment of individuals with disabilities, medical conditions and/or physical limitations of any kind.

### TENTH AFFIRMATIVE DEFENSE

10.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff failed, subsequent to the occurrences described in the Complaint, to properly

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

mitigate his damages and thereby is precluded from recovering those damages that could have reasonably been avoided by the exercise of due care on Plaintiff's part.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff voluntarily and with full knowledge of the matters referred to in the Complaint assumed any and all of the risks, hazards and perils of the circumstances referred to in the Complaint and, therefore, assumed the risk of any injuries or damages sustained by Plaintiff, if any at all.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     Defendant alleges Plaintiff's claims for damages are barred because Plaintiff failed to exercise reasonable and ordinary care, caution or prudence for his own safety and well-being to avoid his alleged injuries and damages, if any.  Plaintiff is barred from seeking an award of damages for his purported injuries, if any, or any recovery of damages must be reduced, because any such injuries and damages sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Defendant has engaged attorneys to represent it in defense of Plaintiff's frivolous, unfounded and unreasonable actions, and Defendant is thereby entitled to recover reasonable attorneys' fees as and for the defense of this matter.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred to the extent Plaintiff seeks redress for physical and emotional injuries arising from preexisting physical or mental conditions.

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred in that Plaintiff was afforded alternative methods for access to any and all of the businesses and public establishments to which he refers in his Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff was not a *bona fide* consumer of any of the businesses and public establishments to which he refers in his Complaint.  Instead, if Plaintiff visited said business and public establishments, he did so for the sole and primary purpose of instituting the instant litigation.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Defendant alleges the Complaint, and each purported cause of action alleged therein, is barred because Plaintiff comes to the Court with unclean hands.  Plaintiff never identified to Defendant a specific barrier to access and never requested an accommodation from Defendant despite ample opportunity to do so.  Had Plaintiff made such a request and given Defendant the opportunity to address the request, any alleged violation could have been remedied without the necessity of this litigation.

### TWENTIETH AFFIRMATIVE DEFENSE

20.     The injuries which Plaintiff alleges in his Complaint, and each claim for relief thereof, if such injuries exist at all, result from a cause or causes not proximately related to any act or omission by Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     To the extent that any other persons and/or entities are proper, necessary and indispensable parties to this action, said persons and/or entities must be joined as parties to this action, or this action should be dismissed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Each and every alleged act complained of that Defendant allegedly engaged in was not outrageous, intentional or reckless and Plaintiff has not suffered any emotional distress as a result of Defendant's alleged conduct.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Defendant is relieved of any liability as to Plaintiff's claims for damages set forth in the Complaint in that said claims arise solely from acts or omissions for which Defendant is not responsible.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     The liability of Defendant, if any, for the non-economic damages claimed by Plaintiff is limited by California Civil Code, Section 1431.1, *et seq.*

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the equitable doctrines of consent, waiver, laches and after-acquired evidence because of Plaintiff's conduct and actions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendant cannot be held vicariously liable for the conduct alleged in the Complaint because the individual(s) who allegedly engaged in the asserted conduct against Plaintiff were not agents of Defendant, or were otherwise acting outside the scope of their authority.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Defendant cannot be held vicariously liable for the conduct alleged in the Complaint as Defendant has never adopted, ratified or condoned the conduct alleged in the Complaint.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Defendant cannot be held vicariously liable for the conduct alleged in the Complaint, as Defendant was not aware of the alleged conduct or took prompt, remedial steps to prevent such conduct from happening or continuing.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.     Plaintiff's Complaint, and each alleged cause of action therein, are barred in whole or in part to the extent Plaintiff has recovered any monies from Defendant including, but not limited to, any settlements with Defendant.

### THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiff's Complaint, and each alleged cause of action therein, are barred in whole or in part because, even assuming *arguendo* Defendant committed the acts alleged in Plaintiff's Complaint, Plaintiff was not aggrieved and has not suffered any damages whatsoever.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiff's is not entitled to exemplary and/or punitive damages as prayed because Plaintiff has failed to raise sufficient allegations of malice, oppression or fraud and has failed to raise sufficient allegations to comply with the requirements of California Civil Code, Section 3294.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.     Plaintiff is not entitled to exemplary and/or punitive damages as prayed because the California Unruh Civil Rights Act, as applied to Plaintiff's Complaint, does not permit the application of California Civil Code, Section 3294.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Although Defendant denies that it has committed or has responsibility for any act that could support recovery of punitive damages in this lawsuit, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution, including the Excessive Fines Clause of the Eight Amendment and the Due Process clauses of the Fifth Amendment, as well as, numerous provisions of the California Constitution, including the Excessive Fines Clause of Section 17 of Article I, the Due Process Clause of Section 7 of Article I and the Self-Incrimination Clause of Section 15 of Article I.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     The Complaint, and each purported cause of action alleged therein, is barred in that Defendant has no independent knowledge, as of the filing of this Answer, of the facts allegedly constituting the cause of action to Plaintiff's Complaint, and based thereon, hereby respectfully requests leave of Court to amend this Answer to include those affirmative defenses that are revealed during the course of Defendant's discovery.

WHEREFORE, Defendant prays as follows:

1. That Plaintiff takes nothing herein and that he be denied each and every demand and prayer for relief contained in the Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. For reasonable attorneys' fees;

4. For costs of suit herein; and

5. For such other and further relief as the Court may deem just and proper.

DATED: March 28, 2013

JACKSON LEWIS LLP

By: _____
Nicky Jatana
Kevin S. Saman

Attorneys for Defendant
ANHEUSER-BUSCH INBEV
WORLDWIDE, INC.

8

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3  CASE NAME:    WILLIAM COHEN v. ANHEUSER-BUSCH INBEV WORLDWIDE, INC.

4  CASE NUMBER:   13E00680

5        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los
6  Angeles, California 90017.

7        On March 28, 2013, I served the foregoing document described as:

8                    **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

9  in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

10  Kenneth P. Koury, Esq.
    ATTORNEY AT LAW
11  23371 Mulholland Drive, Suite 196
    Woodland Hills, California  91364
12  Telephone: (818) 715-9149

13  Attorney for Plaintiff
    WILLIAM COHEN

14  **[X]**    **BY MAIL**

15       **[XX]** I deposited such envelope in the mail at Los Angeles, California.  The envelope was mailed with postage thereon fully prepaid.
16

       **[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing
17  correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of
18  business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in
19  affidavit.

20       Executed on March 28, 2013 at Los Angeles, California.

21

22                                        KARINA RAMIREZ

23

24

25

26

27  4823-3679-5155, v. 1

28

1

DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NAME:**   WILLIAM COHEN v. ANHEUSER-BUSCH INBEV WORLDWIDE, INC.

**STATE CASE NUMBER: 13E00680**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

On March 28, 2013, I served the foregoing document described as:

**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

Kenneth P. Koury, Esq.
ATTORNEY AT LAW
23371 Mulholland Drive, Suite 196
Woodland Hills, California  91364
Telephone: (818) 715-9149

Attorney for Plaintiff
WILLIAM COHEN

**[X]   BY MAIL**

**[XX]** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

**[XX]** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[X]   FEDERAL** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2013 at Los Angeles, California.

_____
                        **KARINA RAMIREZ**

4810-8584-3219, v. 1

NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441(a) AND (b)