JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 13-2236-MWF (AGRx)**                    Date:  **June 5, 2013**

Title:     William Cohen -v- Anheuser-Busch, et al.

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

None Present                         None Present

**PROCEEDINGS (IN CHAMBERS)**:     ORDER REMANDING ACTION

   On March 28, 2013, Defendant removed this action to federal court on the basis of diversity jurisdiction. (Docket No. 1). The jurisdictional allegations appeared to be defective and the Court *sua sponte* issued an Order to Show Cause re Jurisdiction, directing Defendant to respond no later than June 3, 2013. (Docket No. 11). Defendant responded, reasserting the arguments set forth in its Notice of Removal. (Docket Nos. 13, 14, 15).

   The burden is on the removing party to establish the propriety of removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). Statutes establishing such jurisdiction are strictly construed against removal. *Id.* If the amount of damages sought is not clear from the pleadings, a removing defendant must show that the jurisdictional amount is met by a preponderance of the evidence. *Id.* If, on the other hand, the pleadings specify an amount of damages below the jurisdictional threshold, a removing defendant must show the propriety of jurisdiction, including the amount in controversy, to a legal certainty. *Id.* at 565.

   It is apparent from the pleadings that the amount in controversy does not satisfy the jurisdictional threshold for diversity jurisdiction. 28 U.S.C. § 1332(a). This case was filed as a limited civil case in state court, meaning that the amount in controversy is necessarily less than $25,000. See Cal. Code Civ. Pro. 86 (classifying cases where the prayer is less than $25,000 as limited civil cases).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 13-2236-MWF (AGRx)**           Date:  **June 5, 2013**

Title:       William Cohen -v- Anheuser-Busch, et al.

---

Defendant has offered no showing to rebut the presumption that arises from the pleadings.  *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("[W]here the plaintiff does not claim damages in excess of [the jurisdictional requirement] and the defendant offers 'no facts whatsoever' to show that the amount in controversy exceeds [the jurisdictional threshold], then the defendant has not borne the burden on removal of proving that the amount in controversy requirement is satisfied.").

Putting aside the filing of this action as a limited civil matter, the prayer for damages supports a conclusion that the Complaint facially asserts damages less than the $75,000 jurisdictional minimum.  Although the Complaint seeks statutory damages for each violation of law, it limits the total statutory damages sought to a maximum of $25,000.  (Compl. ¶ 13).  Plaintiff also limits the exemplary damages sought to $25,000.  (*Id*.).  Ignoring its burden on removal, Defendant has made no showing that attorneys' fees in this matter would exceed $25,000, either by a preponderance of evidence or to a legal certainty.

Accordingly, the Court concludes that it lacks subject matter jurisdiction over the claims at issue and *sua sponte* remands the action to the Superior Court of the State of California for the County of Los Angeles.

IT IS SO ORDERED.

---